# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| BRIAN JORDAN, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 7:21-cv-01071-KOB-NAD |
| JEREMY HERD, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER OF DISMISSAL

On December 16, 2022, the magistrate judge noted that Plaintiff Brian Jordan had been transferred to the custody of the Alabama Department of Corrections. (Doc. 18). The magistrate judge directed the Clerk to update Jordan's mailing address and ordered Jordan (1) to confirm his current mailing address within 14 days, and (2) to file a final amended complaint within 30 days. (*Id.*, at 2-3). Because the Alabama Department of Corrections then transferred Jordan, on February 6, 2023, the magistrate judge again directed the Clerk to update Jordan's address, and again ordered Jordan to confirm his updated mailing address and to file a final amended complaint, both within 30 days of the Order. (Doc. 19).

When Jordan failed to comply with or otherwise respond to either of those orders within the time provided, the magistrate judge entered a report in which he recommended that the court dismiss this action without prejudice based on Jordan's

failure to prosecute. (Doc. 20). Although the magistrate judge advised Jordan of his right to file specific written objections within 14 days, that time expired without Jordan filing objections or otherwise responding to the report and recommendation.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Accordingly, the court **ORDERS** that this action is **DISMISSED WITHOUT PREJUDICE** based on Jordan's failure to prosecute.

For information regarding the cost of appeal, see the attached notice.

DONE and ORDERED this 18th day of April, 2023.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE

## United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith  
Clerk of Court

In Replying Give Number
of Case and Names of Parties

## NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 **REQUIRES** that all prisoners pay the Court's $500.00 docket fee plus $5.00 filing fee (for a total of $505.00) when appealing any civil judgment.

If you wish to appeal in a civil case that Act **requires** that upon filing a notice of appeal you *either*:

(1) Pay the total $505.00 fee to the clerk of the district court from which this case arose; *or*

(2) arrange to have a prison official certify to the district court from which the appeal arose the average monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the average monthly deposits or of the average monthly balances shown in your prison account. The remainder of the total $505.00 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10.00. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $505.00 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $505.00 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $505.00 fee is collected, even if an appeal is unsuccessful.

David J. Smith  
Clerk of Court

PLRA Notice